1  LAW OFFICES OF STEPHEN R. WADE, P.C.
   350 W. FOURTH STREET
2  CLAREMONT, CA 91711
   PHONE (909) 985-6500
3  FAX (909) 399-9900
   STEPHEN R. WADE
4  California Bar No: 79219
   W. DEREK MAY
5  California Bar No: 246327
   Attorney for: Debtor
6
                    UNITED STATES BANKRUPTCY COURT
7
                    CENTRAL DISTRICT OF CALIFORNIA
8
                       LOS ANGELES DIVISION
9
   In re:                          )   CASE NO. 2:12-bk-29726-BR
10                                  )
   ALEXANDER CALDERON,             )    CHAPTER 7
11                                  )
                                    )   MOTION FOR AN ORDER CONFIRMING
12                                  )   THE TRUSTEE'S FINAL ABANDONMENT
                  Debtor.           )   OF DEBTOR'S INTEREST IN REAL
13                                  )   PROPERTY; SUPPORTING
                                    )   MEMORANDUM OF POINTS AND
14                                  )   AUTHORITIES; AND DECLARATIONS OF
                                    )   ALEXANDER CALDERON AND STEPHEN
15                                  )   R. WADE IN SUPPORT THEREOF
                                    )
16                                  )
                                    )
17  _____)

18  **TO THE HONORABLE BARRY RUSSELL, BANKRUPTCY JUDGE:**

19         The debtor herein, Alexander Calderon, (hereinafter "Debtor") moves the Court for an order

20  confirming that the Chapter 7 Trustee has administered and abandoned Debtor's interest in real property

21  located at 298 W. 18th Street, Upland, CA 91784 (hereinafter the "Subject Property"). Said Motion is made

22  pursuant to 11 U.S.C. § 554(c) and 11 U.S.C. Section 105(a), and is based upon the Notice of Motion

23  and Motion, and the Declarations of Alexander Calderon and Stephen R. Wade.  The Motion to confirm

24  abandonment of the Subject Property (hereinafter the "Motion") is made with respect to the following

    facts:

25         1.     On June 5, 2012, the Debtor filed a Chapter 7 petition.

26         2.     Debtor is the owner of the Subject Property. The Subject Property is his primary

27
28
                                            1

1    residence.  Debtor listed the Subject Property in his Schedule A.  He has claimed a $15,000 homestead

2    exemption in the Subject Property in his Schedule C.

3              3.       The Trustee did not object to the Debtor's homestead exemption.

4              4.       On August 20, 2012, the Chapter 7 Trustee, John J. Menchaca, filed a no asset report.

5              5.       On August 16, 2013, the Debtor's bankruptcy case was closed.

6              6.       On April 8, 2013, the Chapter 7 Trustee filed an application to reopen the bankruptcy

7    case to administer an allegedly unscheduled asset and filed a notice of assets on April 10, 2014.

8              7.       The allegedly unscheduled asset was insurance proceeds paid on Debtor's claim for

9    replacement value of personal property damaged by a fire at the Subject Property.

10             8.       The Debtor has attempted to refinance the Subject Property to help pay for repairs

11                      needed

12   on the Subject Property. The Debtor has qualified for the refinance, however, the title officer for the

13   escrow company refuses to allow the funding of the loan without a court order confirming that the

14   Subject Property has been abandoned by the Trustee and is no longer property of the estate.

15             9.       The Debtor, through counsel, has attempted to obtain a stipulation from the Trustee that

16   the Subject Property has been abandoned by operation of 11 U.S.C. Section 554(c) but the Trustee has

17   refused such requests.

18

19             WHEREFORE, the Debtor moves this court for an order confirming that the Subject Property

20   has been abandoned pursuant to 11 U.S.C. § 554(c) and is no longer property of the estate.

21

22   Dated: February 10, 2015                      THE LAW OFFICES OF STEPHEN R. WADE, P.C.

23

24                                                 BY:      /s/ Stephen R. Wade
                                                            STEPHEN R. WADE
25

26

27

28
                                                     2
         **MOTION FOR AN ORDER CONFIRMING THE TRUSTEE'S FINAL ABANDONMENT OF DEBTOR'S INTEREST IN REAL
         PROPERTY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF ALEXANDER
         CALDERON AND STEPHEN R. WADE IN SUPPORT THEREOF**

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **ANALYSIS**

    A.      **THE SUBJECT PROPERTY HAS BEEN ABANDONED BY THE TRUSTEE AND THAT ABANDONMENT WAS FINAL UPON CLOSURE OF THE CASE**

The Subject Property was abandoned to the Debtor at the closure of the case in this matter. Section 554 of the Bankruptcy Code provides the circumstances under which the trustee abandons property of the estate. The relevant subsection of Section 554 for this case is subsection(c), which provides as follows:

> Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of Section 350 of this title.

The case of In re DeVore (Bankr.9th Cir. 1998) 223 B.R. 193, 197-198.) explains subsection (c) as follows:

> In the absence of an order directing abandonment, subsection (c) deems abandoned to the debtor any scheduled property of the estate that is unadministered at the close of the case. 5 Collier on Bankruptcy P 554.02[7] (Lawrence P. King ed., 15th ed. 1997). This is generally referred to as a technical abandonment. In re Shelton, 201 B.R. 147, 154 (Bankr. E.D. Va. 1996). Unlike abandonment under § 554(a) or (b), an abandonment under § 554(c) occurs automatically upon case closure, without notice or hearing.

> A number of cases recognize a general rule that abandonment is irrevocable, even if it is subsequently discovered that the abandoned property had greater value than previously believed. In re Lintz West Side Lumber, Inc., 655 F.2d 786, 789 (7th Cir. 1981); In re Ozer, 208 B.R. 630, 633 (Bankr. E.D.N.Y. 1997); In re Gracyk, 103 B.R. 865, 867 [198] (Bankr. N.D. Ohio 1989); In re Atkinson, 62 B.R. 678, 679 (Bankr. D. Nev. 1986); In re Enriquez, 22 B.R. 934, 935 (Bankr. D. Neb. 1982).

The Debtor duly scheduled the Subject Property as an asset on his Schedule A in accordance with Section 521(a)(1). The Trustee filed a no asset report on August 20, 2012 stating, "I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law." Despite the case being open for almost another year after the trustee's no asset report, the report was never withdrawn, no assets were administered, and the case closed on August 16, 2013. Even the Trustee's motion to reopen gives no indication that he intends to administer the Subject

1   Property.  In light of all of those facts, the Court should give effect to Section 554(c) and confirm that

2   the Subject Property has been finally abandoned and is not property of the estate.

3

4          **B.**       **COURT IS AUTHORIZED TO CONFIRM ABANDONMENT OF PROPERTY**

5                **PURSUANT TO 11 U.S.C. 105(a)**

6

7        The Court's ability to confirm that specific property has been abandoned and is not property of

8   the state by operation of Section 554(c) is supported by 11 U.S.C. Section 105(a), which provides that

9   "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out

10   provisions of this title."  While the circumstances in this case justify the application of the abandonment

11   of the Subject Property to the Debtor in this case, the re-opening of the case for administration of other

12   property leaves uncertainty, at least in the minds of a title officer, as to whether the Subject Property in

13   particular is subject to further administration by the trustee.  As a result, an order confirming the

14   abandonment by the Trustee to the Debtor and confirming that the Subject Property is no longer

15   property of the estate is needed to ensure that the provisions of Section 554(c) are given effect.

16   **II.**      **CONCLUSION**

17        Based upon the preceding analysis and the Declarations of Alexander Calderon and Stephen R.

18   Wade, the Debtor moves this court for an order confirming that the Subject Property has been

19   abandoned pursuant to 11 U.S.C. § 554(c) and is no longer property of the estate.

20

21   Dated: February 10, 2015                LAW OFFICES OF STEPHEN R. WADE, P.C.

22

23                              By:          /s/ Stephen R. Wade

24                                      Stephen R. Wade

25

26

27

28

**MOTION FOR AN ORDER CONFIRMING THE TRUSTEE'S FINAL ABANDONMENT OF DEBTOR'S INTEREST IN REAL PROPERTY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF ALEXANDER CALDERON AND STEPHEN R. WADE IN SUPPORT THEREOF**

# <u>DECLARATION OF ALEXANDER CALDERON</u>

I, Alexander Calderon, hereby declare that:

1.     I am the debtor in the above-captioned case.  I know the following facts to be true from my own personal knowledge.  If called upon I could and would competently testify under oath to the truthfulness of the following.

2.     On June 5, 2012, I filed a Chapter 7 petition.

3.     I am the owner of the real property located at 298 W. 18th Street, Upland, CA 91784 (hereinafter "Subject Property") . The Subject Property is my primary residence.  I listed the Subject Property in my Schedule A.  I claimed a $15,000 homestead exemption in the Subject Property in my Schedule C.

4.     The Trustee did not object to my homestead exemption.

5.     On August 20, 2012, the Chapter 7 Trustee, John J. Menchaca, filed a no asset report.

6.     On August 16, 2013, my bankruptcy case was closed.

7.     On April 8, 2013, the Chapter 7 Trustee filed an application to reopen the bankruptcy case to administer an allegedly unscheduled asset and filed a notice of assets on April 10, 2014.

8.     The allegedly unscheduled asset was insurance proceeds paid on my claim for replacement value of personal property damaged by a fire at the Subject Property.

9.     I have attempted to refinance the Subject Property to help pay for repairs needed on the Subject Property. Attached hereto as Exhibit "1" and incorporated herein by reference is a true and correct copy of the terms letter regarding the refinance.

10.    I have qualified for the refinance, however, the title officer for the escrow company refuses to allow the funding of the loan without a court order confirming that the Subject Property has been abandoned by the Trustee and is no longer property of the estate.  Attached hereto as Exhibit "2" and incorporated herein by reference is a true and correct copy of an email discussing removing the bankruptcy exception from the title report.

**MOTION FOR AN ORDER CONFIRMING THE TRUSTEE'S FINAL ABANDONMENT OF DEBTOR'S INTEREST IN REAL PROPERTY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF ALEXANDER CALDERON AND STEPHEN R. WADE IN SUPPORT THEREOF**

1    11.    In addition, the broker in his email to me stated that the investor will not likely hold the

2    funds for me any longer than two weeks from February 3, 2015, which is February 17, 2015.  It is

3    important that I obtain a court order granting this Motion prior to the February 17, 2015 date so that my

4    loan can fund.

5    12.    My counsel has attempted to obtain a stipulation from the Trustee that the Subject

6    Property has been abandoned by operation of 11 U.S.C. Section 554(c) but the Trustee has refused such

7    requests.

8

9

10

11    I hereby declare under penalty of perjury under the laws of the United States that the foregoing

12    is true and correct. Executed this _10_ day of February, 2015, at _UPLAND_, California.

13

14

15    ALEXANDER CALDERON

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR AN ORDER CONFIRMING THE TRUSTEE'S FINAL ABANDONMENT OF DEBTOR'S INTEREST IN REAL
PROPERTY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF ALEXANDER
CALDERON AND STEPHEN R. WADE IN SUPPORT THEREOF

## DECLARATION OF STEPHEN R. WADE

I, Stephen R. Wade, hereby declare that:

1.      I am the attorney for the debtor in the above-captioned case.  I am licensed to practice law in the State of California and am admitted to practice before the federal courts in the Central District of California.  I know the following facts to be true from my own personal knowledge.  If called upon I could and would competently testify under oath to the truthfulness of the following.

2.      On June 5, 2012, the debtor, Alexander Calderon (hereinafter "Debtor"), filed a Chapter 7 petition.

3.      Debtor listed real property located at 298 W. 18th Street, Upland, CA 91784 (hereinafter "Subject Property") in his Schedule A.  He has claimed a $15,000 homestead exemption in the Subject Property in his Schedule C.

4.      The Trustee did not object to the Debtor's homestead exemption.

5.      On August 20, 2012, the Chapter 7 Trustee, John J. Menchaca, filed a no asset report.

6.      On August 16, 2013, the Debtor's bankruptcy case was closed.

7.      On April 8, 2013, the Chapter 7 Trustee filed an application to reopen the bankruptcy case to administer an allegedly unscheduled asset and filed a notice of assets on April 10, 2014.

8.      The allegedly unscheduled asset was insurance proceeds paid on Debtor's claim for replacement value of personal property damaged by a fire at the Subject Property.

9.      I have attempted to obtain a stipulation from the Trustee that the Subject Property has been abandoned by operation of 11 U.S.C. Section 554(c) but the Trustee has refused such requests.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 10th day of February, 2015, at Claremont, California.

/s/ Stephen R. Wade
STEPHEN R. WADE

7

**EXHIBIT "1"**



1/27/15

Property address:
**298 W 18th Street, Upland, CA 91784**

**Alexander Calderon/ New Loan Increase**

This letter will confirm that Open Door Lending has an investor that is interested in arranging financing for the above referenced property subject to the terms and conditions outlined below:

**Loan Amount:**          $ 300,000

**Lien Position:**          1ST Trust Deed

**Interest Rate:**          9.50% Interest Only

**Fees:**                  2.5% Open Door Lending plus Escrow related fees.

**Term of Loan:**          **12 Months Interest Only**
**Pre-Payment Penalty:**    **9 Months Guaranteed interest**

**Other Conditions:** Contracts/leases are to be reviewed and are subject to approval by the lender. If lender chooses to visit property as part of funding condition his/her expenses are paid by the borrowers.

**Closing Costs:**          At closing, in addition to loan fees, borrower will pay all
                            Closing costs in connection with closing of the loan, including
                            but not limited to: Title insurance, fire and liability insurance,
                            escrow fees, recording cost and tax service fees.
                            *Open Door Lending will discount to $1,995.00 excluding
                            third party fees such as Title and Notary fees*

In order to process your loan, please sign this and Fax or E-mail back this letter.

X _____

Page 1 of 2



*This is not a commitment to lend all loans are subject to final investor approval*

Reviewed and accepted by:

_____        _____        **Date**
Authorized signer
**Alexander Calderon**

Best Regards,

Date 1/27/15

**Barry Harari - Broker**
**24013 Ventura Blvd, Suite 200**
**Calabasas, CA 91302**
(818) 483-8514 Office
(818) 876-0337 Fax
barry@odlending.com

Page **2** of **2**

**EXHIBIT "2"**

## Derek May

| | |
|---|---|
| **From:** | Alex Calderon ███████████████ |
| **Sent:** | Tuesday, February 10, 2015 7:43 AM |
| **To:** | Derek May |
| **Subject:** | FW: BK Issue |
| **Attachments:** | image002.jpg |

Derek,
Please see below.

Alex

**From:** Barry Harari [mailto:barry@odlending.com]
**Sent:** Tuesday, February 3, 2015 11:44 AM
**To:** 'Alex Calderon'
**Subject:** BK Issue

Alex:

I spoke with the main investor on your loan. As you can imagine, there is a certain urgency in getting your loan funded so that he doesn't have to allocate those funds to another deal. He is essentially giving you two weeks to get the BK exception removed from the title report. After that, he cannot guarantee that he can hold those funds set aside for your deal, especially since he's already been holding those funds for you for the past 10 days.

Best Regards,

Barry Harari, Broker



**Mortgage Banking & Trust Deed Investments**
www.odlending.com

*24013 Ventura Bl., Suite 200*
*Calabasas, CA 91302*

*(818) 483-8514 Direct*
*(818) 876-0337 Fax*

This e-mail transmission and any documents, files or previous e-mail messages attached to it, contains information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, confidential and/or privileged. If you are not the intended recipient (or authorized to receive on their behalf), you are hereby notified that any viewing, copying, disclosure, distribution or use of any of the information

contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please notify the sender by reply e-mail, and delete the original transmission without reading, making copies or saving it in any manner. Thank you.