JOHN J. MENCHACA
835 WILSHIRE BLVD
SUITE 300
LOS ANGELES, CA 90017
(213) 683-3317
    Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: CALDERON, ALEXANDER § | Case No. 2:12-BK-29726-BR |
| § | |
| § | |
| § | |
| Debtor(s) § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on June 05, 2012. The undersigned trustee was appointed on April 10, 2014.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of      $ <u>162,075.54</u>

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 833.75 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 82,060.42 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 79,181.37 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 07/14/2014 and the deadline for filing governmental claims was 12/03/2012. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $7,250.76. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $7,250.76, for a total compensation of $7,250.76.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $137.42, for total expenses of $137.42.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/27/2015        By: /s/JOHN J. MENCHACA
                            Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1

Page: 1

## Individual Estate Property Record and Report
## Asset Cases

Case Number: 2:12-BK-29726-BR  
Case Name: CALDERON, ALEXANDER  
Period Ending: 12/27/15

Trustee: (007950) JOHN J. MENCHACA  
Filed (f) or Converted (c): 06/05/12 (f)  
§341(a) Meeting Date: 07/09/12  
Claims Bar Date: 07/14/14

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | REAL PROPERTY<br>298 W. 18TH Street, Upland, CA | 900,000.00 | 0.00 | | 0.00 | FA |
| 2 | BANK ACCOUNTS<br>Checking Account - Chase Bank | 300.00 | 0.00 | | 0.00 | FA |
| 3 | HOUSEHOLD GOODS AND FURNISHINGS | 5,000.00 | 0.00 | | 0.00 | FA |
| 4 | WEARING APPAREL | 1,000.00 | 0.00 | | 0.00 | FA |
| 5 | STOCK AND BUSINESS INTERESTS<br>100% Common Stock Lexco Imports | 0.00 | 0.00 | | 0.00 | FA |
| 6 | AUTOMOBILES AND OTHER VEHICLES<br>2010 Mercedes C300 | 22,000.00 | 0.00 | | 0.00 | FA |
| 7 | AUTOMOBILES AND OTHER VEHICLES<br>2011 Nissan Patfinder | 20,000.00 | 0.00 | | 0.00 | FA |
| 8 | LIQUIDATED DEBTS OWING DEBTOR (u)<br>Automobile Club of Southern California pursuant to<br>Claim No. 011195747 | 0.00 | 345,000.00 | | 162,075.54 | FA |
| 8 | Assets    Totals (Excluding unknown values) | $948,300.00 | $345,000.00 | | $162,075.54 | $0.00 |

Major Activities Affecting Case Closing:

REPORTING PERIOD APRIL 1, 2015 - MARCH 31, 2016

On April 28, 2015, a Motion for Order approving compromise of controversy was filed with the Court. By Order entered on June 2, 2015, the Court approved a written settlement agreement (the "Agreement") that was attached as Exhibit 1 to the Motion filed by the Trustee on April 28, 2018 in the Bankruptcy Case. The Agreement provides that the $162,075.54 shall be divided evenly between the Trustee on the one hand and the Wife on the other hand after deduction for a reasonable sum to be paid to CCC, and with the Estate to receive a $10,000 credit for the sum already paid to the Debtor by AAA on the Insurance Claim.

Pursuant to the Agreement, the Trustee shall retain $80,015.12 for the benefit of the Estate.

Pursuant to the Agreement, and upon the Order approving the Stipulation entered on August 19, 2015, the Trustee paid the Wife $70,015.13 from funds on hand in the Estate in satisfaction of the Trustee's obligation under the Agreement. The Trustee shall also pay CCC $12,045.29 from the funds on hand in the Estate in satisfaction of CCC's claims against the Estate, the Debtor and the Wife.

PROOF OF CLAIMS:

Trustee has reviewed claims and determined that objections will not be necessary.

ESTATE'S TAXES:

On June 1, 2015, and Order was entered by the Court approving the employment of Menchaca & Company as Accountant.

Exhibit A

Page: 2

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Case Number: 2:12-BK-29726-BR
Case Name: CALDERON, ALEXANDER

Period Ending: 12/27/15

Trustee: (007950) JOHN J. MENCHACA
Filed (f) or Converted (c): 06/05/12 (f)
§341(a) Meeting Date: 07/09/12
Claims Bar Date: 07/14/14

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

REPORTING PERIOD APRIL 1, 2014 - MARCH 31, 2015

The Debtor filed a voluntary chapter 7 petition, schedules (the "Schedules") and statement of affairs in the Bankruptcy Case on June 5, 2012 (the "Petition Date").

The Schedules and Statements of Affairs scheduled personal property (excluding automobiles and cash) of just $6,000 (the "Apparel, Household Good and Furnishing Unsecured, priority debt of $70,000.00 and unsecured, non-priority debt of $66,618.00 scheduled by the Debtor.

A comparison of the Debtor's Schedules I and J showed a monthly income deficit of -$230.00. The Debtor explained in his Schedule I: "Debtor closed his business Lexco Imports, Inc. in January, 2012. Currently he is working on a deal by deal basis to import export goods. Income is estimate of future earnings."

The Trustee filed a no asset report in the Bankruptcy Case on August 2012. The Debtor received his discharge on September 17, 2012 and the Bankruptcy Case closed on August 16, 2013.

On July 20, 2013 (after the Debtor's discharge but before the Bankruptcy Case closed), a fire loss (the "Fire") occurred at the Debtor's residence at which inter alia personal property was destroyed (the "Insurance Claim"). Since the Fire, the Debtor has submitted inventory of personal property with a claimed replacement cost in excess of $345,000.

Only $6,000 in Apparel, Household Good and Furnishings were scheduled, $345,000, with the difference being undisclosed assets (the "Undisclosed Assets"). The Undisclosed Assets were not disclosed in the Schedules or otherwise brought to the Trustee attention. At the time the Bankruptcy Case was closed, although the Trustee had exercised diligence in examination of the Debtor's affairs, the Trustee was not aware of the Undisclosed Assets.

On April 8, 2014, the Trustee filed an application to reopen the Bankruptcy Case to administer the Funds (the "Application"). The Application was granted by an order entered on April 9, 2014 and the Bankruptcy Case was reopened to administer undisclosed assets.

On March 11, 2015, the Trustee filed a Motion for turnover to the Court of all funds (the "Funds") to be paid by Automobile Club of Southern California pursuant to Claim No. 011195747 (the "Insurance Claim") on AAA policy number CHO 061381564 (the "Policy") from a fire (the "Fire" or "Incident") that took place at 298 W. 18th Street, Upland California 91784 (the "Upland Home") on or about July 20, 2013 for the loss of the Debtor's personalty (the "Lost Personalty"). As shown below, the Funds are no less than $162,075.54 to replace the Los Personalty even though the Debtor only scheduled $6,000 in Apparel, Household Good and Furnishings. Upon receipt of the Funds, the Trustee will file an interpleader adversary proceeding in this Court pursuant to Fed. R. Bankr. P. 7001(2) and 7022 (the "Interpleader" or "Adversary Proceeding") to which the following will be the parties (collectively, the "Interpleader Parties": (i) the Trustee; (ii) the Debtor; (iii) the Debtor's putative spouse Juliana Calderon ("Juliana" or "Wife")1 and (iv) California Claim Consultants, Inc., a California corporation ("CCC"). As discussed in the attached pleadings, the Trustee is informed that AAA will not oppose the Motion.

PROOF OF CLAIMS:
Claims bar date expired on July 14, 2014 - Last date to file a Governmental claim was December 3, 2012. Trustee will review claims and determined that objections will not be necessary.

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 3

| Case Number: | 2:12-BK-29726-BR | Trustee: | (007950) JOHN J. MENCHACA |
| --- | --- | --- | --- |
| Case Name: | CALDERON, ALEXANDER | Filed (f) or Converted (c): | 06/05/12 (f) |
| | | §341(a) Meeting Date: | 07/09/12 |
| Period Ending: 12/27/15 | | Claims Bar Date: | 07/14/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

ESTATE'S TAXES:
Trustee is in the process of employment an accountant

Initial Projected Date Of Final Report (TFR):    June 30, 2016         Current Projected Date Of Final Report (TFR):    December 27, 2015  (Actual)

Printed: 12/27/2015 12:41 PM    V.13.25

Exhibit B

# Form 2
## Cash Receipts And Disbursements Record

Page: 1

| Case Number: | 2:12-BK-29726-BR | Trustee: | JOHN J. MENCHACA (007950) |
|---|---|---|---|
| Case Name: | CALDERON, ALEXANDER | Bank Name: | Rabobank, N.A. |
| | | Account: | ******6866 - Checking Account |
| Taxpayer ID #: | **-***7383 | Blanket Bond: | $5,500,000.00 (per case limit) |
| Period Ending: | 12/27/15 | Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref #}/ Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 06/24/15 | {8} | INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB | Per Order entered on June 2, 2015 Granting the Trustee's Motion to Approve Compromise Under 9019 | 1229-000 | 162,075.54 | | 162,075.54 |
| 06/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 38.85 | 162,036.69 |
| 07/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 240.83 | 161,795.86 |
| 08/20/15 | 101 | JULIANA CALDERON | Per Order Entered August 19, 2015 | 8500-002 | | 70,015.13 | 91,780.73 |
| 08/20/15 | 102 | CALIFORNIA CLAIM CONSULTANTS, INC. | Per Order Entered August 19, 2015 | 8500-002 | | 12,045.29 | 79,735.44 |
| 08/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 207.59 | 79,527.85 |
| 09/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 122.03 | 79,405.82 |
| 10/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 114.21 | 79,291.61 |
| 11/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 110.24 | 79,181.37 |

| | ACCOUNT TOTALS | 162,075.54 | 82,894.17 | $79,181.37 |
|---|---|---|---|---|
| | Less: Bank Transfers | 0.00 | 0.00 | |
| | Subtotal | 162,075.54 | 82,894.17 | |
| | Less: Payments to Debtors | | 0.00 | |
| | NET Receipts / Disbursements | $162,075.54 | $82,894.17 | |

| Net Receipts : | 162,075.54 |
|---|---|
| Less Other Noncompensable Items : | 82,060.42 |
| Net Estate : | $80,015.12 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # ******6866 | 162,075.54 | 82,894.17 | 79,181.37 |
| | $162,075.54 | $82,894.17 | $79,181.37 |

{} Asset reference(s)

# Central District of California
# Claims Register

*Exhibit C* (handwritten)

## 2:12-bk-29726-BR Alexander Calderon

**Judge:** Barry Russell  **Chapter:** 7
**Office:** Los Angeles  **Last Date to file claims:** 07/14/2014
**Trustee:** John J Menchaca (TR)  **Last Date to file (Govt):** 12/03/2012

| Creditor: (32066376) Continental Bank c/o Ray Garwacki, Jr. Garwacki & Associates 5111 Dahlia Drive Los Angeles, CA 90041 | **Claim No: 1** Original Filed Date: 07/09/2012 Original Entered Date: 07/09/2012 | Status: Filed by: CR Entered by: Ray Garwacki, Jr Modified: |
|---|---|---|
| Amount claimed: $356495.90 | *Unsecured - Allowed* (handwritten) | |

History:
| Details | 1-1 | 07/09/2012 | Claim #1 filed by Continental Bank, Amount claimed: $356495.90 (Garwacki, Ray) |

Description:
Remarks:

| Creditor: (35112870) The Huntington National Bank Hemar, Rousso & Heald, LLP c/o Raffi Khatchadourian, Esq. 15910 Ventura Boulevard, 12th Floor Encino, CA 91436 | **Claim No: 2** Original Filed Date: 04/17/2014 Original Entered Date: 04/17/2014 | Status: Filed by: AT Entered by: Raffi Khatchadourian Modified: |
|---|---|---|
| Amount claimed: $112470.26 | *Unsecured - Allowed* (handwritten) | |

History:
| Details | 2-1 | 04/17/2014 | Claim #2 filed by The Huntington National Bank, Amount claimed: $112470.26 (Khatchadourian, Raffi) |

Description:
Remarks:

| Creditor: (32066381) Marcus Family Law Center 732 W. State Street El Centro, CA 92243-2435 | **Claim No: 3** Original Filed Date: 05/08/2014 Original Entered Date: 05/14/2014 | Status: Filed by: CR Entered by: Carla Mitchell Modified: |
|---|---|---|
| Amount claimed: $4793.55 | *Unsecured Allowed* (handwritten) | |

History:
| Details | 3-1 | 05/08/2014 | Claim #3 filed by Marcus Family Law Center, Amount claimed: $4793.55 (Mitchell, Carla) |

Description:
Remarks:

12/27/2015  Case 2:12-bk-29726-BR  Doc 81 M/E-FRied-02/13/16 Court Entered 01/13/16 15:07:59  Desc
Main Document  Page 8 of 12

*Exhibit C*

| Creditor: (35439823)<br>PYOD, LLC its successors and assigns<br>as assignee<br>of Citibank (South Dakota), N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Claim No: 4<br>Original Filed<br>Date: 07/09/2014<br>Original Entered<br>Date: 07/09/2014 | Status:<br>Filed by: CR<br>Entered by: Susan Gaines<br>Modified: |
|---|---|---|

| Amount claimed: | $14376.20 | *Unsecured - Allowed* |
|---|---|---|
| Secured claimed: | $0.00 | |

History:
| Details | 4-1 | 07/09/2014 | Claim #4 filed by PYOD, LLC its successors and assigns as assignee, Amount claimed: $14376.20 (Gaines, Susan) |
|---|---|---|---|

Description:
Remarks:

| Creditor: (35444257)<br>Portfolio Recovery Associates, LLC<br>c/o Us Bank<br>POB 41067<br>Norfolk, VA 23541 | Claim No: 5<br>Original Filed<br>Date: 07/10/2014<br>Original Entered<br>Date: 07/10/2014 | Status:<br>Filed by: CR<br>Entered by: Rosio Rivera-George<br>Modified: |
|---|---|---|

| Amount claimed: | $13107.75 | *Unsecured - Allowed* |
|---|---|---|

History:
| Details | 5-1 | 07/10/2014 | Claim #5 filed by Portfolio Recovery Associates, LLC, Amount claimed: $13107.75 (Rivera-George, Rosio) |
|---|---|---|---|

Description:
Remarks:

| Creditor: (35452258)<br>California Bank & Trust<br>Attn: Theresa Leckey<br>1900 Main Street, Suite 150<br>Irvine, CA 92614 | Claim No: 6<br>Original Filed<br>Date: 07/11/2014<br>Original Entered<br>Date: 07/11/2014 | Status:<br>Filed by: CR<br>Entered by: Anthony J Napolitano<br>Modified: |
|---|---|---|

| Amount claimed: | $1306584.82 | *Secured debt - Asset not administered* |
|---|---|---|

History:
| Details | 6-1 | 07/11/2014 | Claim #6 filed by California Bank & Trust, Amount claimed: $1306584.82 (Napolitano, Anthony) |
|---|---|---|---|

Description:
Remarks:

**Claims Register Summary**

**Case Name: Alexander Calderon**
**Case Number: 2:12-bk-29726-BR**

Exhibit C

**Chapter:** 7
**Date Filed:** 06/05/2012
**Total Number Of Claims:** 6

| Total Amount Claimed* | $180,828.48 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

The values are reflective of the data entered. Always refer to claim documents for actual amounts.

| | Claimed | Allowed |
|---|---|---|
| Secured | $0.00 | 0.00 |
| Priority | | |
| Administrative | | |

*Total Unsecured $501,243.66* (handwritten)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/27/2015 12:09:09 | | | |
| **PACER Login:** | jm6336:3382040:0 | **Client Code:** | |
| **Description:** | Claims Register | **Search Criteria:** | 2:12-bk-29726-BR Filed or Entered From: 12/7/2011 Filed or Entered To: 12/31/2015 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 2:12-BK-29726-BR
Case Name: CALDERON, ALEXANDER
Trustee Name: JOHN J. MENCHACA

**Balance on hand:** $ 79,181.37

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 79,181.37

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - JOHN J. MENCHACA | 7,250.76 | 0.00 | 7,250.76 |
| Trustee, Expenses - JOHN J. MENCHACA | 137.42 | 0.00 | 137.42 |
| Attorney for Trustee, Fees - WESLEY H. AVERY, APC | 33,582.50 | 0.00 | 33,582.50 |
| Attorney for Trustee, Expenses - WESLEY H. AVERY, APC | 340.22 | 0.00 | 340.22 |
| Accountant for Trustee, Fees - MENCHACA & COMPANY LLP | 2,817.00 | 0.00 | 2,817.00 |
| Accountant for Trustee, Expenses - MENCHACA & COMPANY LLP | 69.83 | 0.00 | 69.83 |

Total to be paid for chapter 7 administration expenses: $ 44,197.73
Remaining balance: $ 34,983.64

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 34,983.64

UST Form 101-7-TFR (05/1/2011)

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 34,983.64

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 501,243.66 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 7.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | CONTINENTAL BANK, A UTAH CORPORATION | 356,495.90 | 0.00 | 24,881.16 |
| 2 | THE HUNTINGTON NATIONAL BANK | 112,470.26 | 0.00 | 7,849.71 |
| 3 | MARCUS FAMILY LAW CENTER | 4,793.55 | 0.00 | 334.56 |
| 4 | PYOD, LLC | 14,376.20 | 0.00 | 1,003.37 |
| 5 | PORTFOLIO RECOVERY ASSOCIATES, LLC | 13,107.75 | 0.00 | 914.84 |

Total to be paid for timely general unsecured claims: $ 34,983.64
Remaining balance: $ 0.00

UST Form 101-7-TFR (05/1/2011)

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

UST Form 101-7-TFR (05/1/2011)