PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
RON MAROKO, State Bar No. 124770
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017
(213) 894-4520 telephone; (213) 894-2603 facsimile
Email: ron.maroko@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - Los Angeles Division

In re:

**ALEXANDER CALDERON,**

Debtor.

Case No.: 2:12-bk-29726-BR
Chapter 7

U.S. TRUSTEE'S EX -PARTE MOTION TO REOPEN BANKRUPTCY CASE UNDER 11 U.S.C. §350(b) FOR THE PURPOSE OF APPOINTING CHAPTER 7 TRUSTEE TO ADMINISTER ASSETS; DECLARATION OF JOHN J. MENCHACA

DATE:   Not Required
CTRM:   1668, 255 E. Temple Street
        Los Angeles, CA 90012

TO THIS HONORABLE COURT, DEBTOR, AND DEBTOR'S COUNSEL, IF ANY:

NOTICE IS HEREBY GIVEN that the United States Trustee will move, and does hereby move this Court, on an ex-parte basis, for an Order reopening this chapter 7 case for the purpose of appointing chapter 7 trustee to administer assets.

This motion is being made pursuant to 11 U.S.C. § 350(b), Fed. R. Bankr. P. 5010, and Local Bankruptcy Rule 5010-1. Debtor Alexander Calderon ("Debtor") filed a chapter 7 petition on June 5, 2012. John J. Menchaca was appointed chapter 7 trustee. Based upon representations of Debtor, the trustee filed his no-asset report on August 20, 2012. Debtor received his discharge on September 17, 2012, and the case was closed on August 16, 2013. Subsequent to closing the case, the trustee learned of undisclosed assets, as a result of Debtor filing an insurance claim of $345,000, and had the case reopened on April 14, 2014. John J. Menchaca was reappointed as trustee. The trustee and the Debtor reached a settlement, which resulted in the estate receiving funds and creditors receiving some distribution. The trustee's final report filed on January 13, 2016 (docket

1

1  #81), shows that creditors received a 7% distribution. The case was re-closed on April 19, 2016.

2  Based upon information provided by the former chapter 7 trustee, subsequent to the April 2016 case closing, Debtor amended his insurance claim to include more undisclosed assets, which may be administered by a chapter 7 trustee for the benefit of creditors. Attached Declaration of John J. Menchaca ("Menchaca Declaration"), para. 6.

6  Thus, the case needs to be reopened and a chapter 7 trustee appointed to investigate whether there are potential assets recoverable by the estate that can be liquidated for the benefit of creditors.

## PROCEDURAL HISTORY

Debtor filed a voluntary petition under chapter 7 of title 11 on June 5, 2012. John J. Menchaca was appointed chapter 7 trustee. Based upon representations of Debtor, the trustee filed his no-asset report on August 20, 2012. Debtor received his discharge on September 17, 2012, and the case was closed on August 16, 2013. Menchaca Declaration para. 1-2. The trustee was discharged upon the closing of the case. Subsequent to closing the case, the trustee learned of undisclosed assets, as a result of Debtor filing an insurance claim of $345,000, and had the case reopened on April 14, 2014. John J. Menchaca was reappointed as trustee. Menchaca Declaration para. 3-5. The trustee and the Debtor reached a settlement, which resulted in the estate receiving funds and creditors receiving some distribution. Menchaca Declaration para. 5. The trustee's final report filed on January 13, 2016 (docket #81), shows that creditors received a 7% distribution. The case was re-closed on April 19, 2016 (docket #88).

As reflected in the former trustee's declaration, subsequent to the April 2016 case closing, Debtor amended his insurance claim to include more undisclosed assets, which may be administered by a chapter 7 trustee for the benefit of creditors. Attached Declaration of John J. Menchaca ("Menchaca Declaration"), para. 6. The former trustee believes that the property may have value, if administered that may result in payment to creditors. Menchaca Declaration para. 7. Thus, the reopening of this case and the appointment of a trustee is necessary to investigate, determine the extent of the estate's interest in the property, determine if there is any value for the benefit of creditors, liquidate the assets if there is value, and pay creditors from the liquidation proceeds in this case.

## POINTS AND AUTHORITIES IN SUPPORT OF THIS MOTION

The United States Trustee requests that the Court reopen the case so that he may appoint a chapter 7 trustee to administer the amended scheduled asset for the benefit of unsecured creditors.

Under 11 U.S.C. §350(b), a case may be reopened to administer assets, to accord relief to debtor, or for other cause. Reopening, by itself, has no independent legal significance, is a ministerial or mechanical act, and determines nothing with respect to the merits of the case. *In re Germaine*, 152 B.R. 619, (B.A.P. 9th Cir. 1993). "We have repeatedly held that the reopening of a closed bankruptcy case is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter and that, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case." *In re Menk*, 241 B.R. 896, 913 (B.A.P. 9th Cir. 1999).

The request to reopen can be brought ex-parte and without notice. *In re Daniels*, 34 B.R. 782 (B.A.P. 9th Cir. 1983), In re Abbott, 183 B.R. 198 (B.A.P. 9th Cir. 1995). "Although the reopening procedure prescribed by Rule 5010 requires a motion, it does not require that notice be given to anyone. Fed. R. Bankr. P. 5010. Nor does § 350(b) contain the talismanic mention of notice and hearing that connotes the statutory need to permit a contest." *Menk*, 241 B.R. at 914.

As part of his request to reopen, the United States Trustee requests that the Court direct him to appoint a chapter 7 trustee upon reopening of this case and has included such a provision in the order. Fed. R. Bank. P. 5010.

For each and all of the above reasons, the United States Trustee respectfully requests that the court reopen Debtor's case so that he may appoint a chapter 7 trustee to administer an undisclosed asset. The United States Trustee also requests that the Court direct the United States Trustee to appoint a chapter 7 trustee. An order reopening the case is being submitted under separate cover.

DATED: 8/22/16

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: _____
Ron Maroko
ATTORNEY FOR THE UNITED STATES TRUSTEE

3

# DECLARATION OF
# JOHN J. MENCHACA

# DECLARATION OF
# JOHN J. MENCHACA

## **DECLARATION OF THE TRUSTEE**

I, John J. Menchaca, declare:

1. I was the duly appointed and acting chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Alexander Calderon, an individual (the "Debtor"), in Case No. 2:12-bk-29726-BR. I have personal knowledge, information or belief of the facts set forth below, and, if called as a witness, could and would competently testify thereto under oath. This declaration is made in support of the attached *ex parte* (the "Application") to reopen the Bankruptcy Case and to reappoint a chapter 7 trustee. The Application is made on the basis of the following facts.

2. The Debtor filed a voluntary chapter 7 petition, schedules (the "Schedules") and a statement of affairs in the Bankruptcy Case on June 5, 2012 (the "Petition Date").

   a. The Schedules and Statements of Affairs scheduled personal property (excluding automobiles and cash) of just $6,000 (the "Apparel, Household Good and Furnishings"). Unsecured, priority debt of $70,000.00 and unsecured, non-priority debt of $66,618.00 was scheduled by the Debtor.

   b. A comparison of the Debtor's Schedules I and J showed a monthly income deficit of -$230.00. The Debtor explained in his Schedule I: "Debtor closed his business Lexco Imports, Inc. in January, 2012. Currently he is working on a deal by deal basis to import and export goods. Income is estimate of future earnings."

   c. The Trustee filed a no asset report in the Bankruptcy Case on August 20, 2012. The Debtor received his discharge on September 17, 2012 and the Bankruptcy Case was closed on August 16, 2013.

3. On July 20, 2013 (after the Debtor's discharge but before the Bankruptcy Case was closed), a fire loss (the "Fire") occurred at the Debtor's residence at which inter alia personal property was destroyed (the "Insurance Claim"). Since the Fire, the Debtor has submitted an inventory of personal property with a claimed replacement cost in excess of $345,000.

4. Only $6,000 in Apparel, Household Good and Furnishings were scheduled, not $345,000, with the difference being undisclosed assets (the "Undisclosed Assets"). The Undisclosed Assets were not disclosed in the Schedules or otherwise brought to the Trustee's attention. At the

1

1  time the Bankruptcy Case was closed, although the Trustee had exercised due diligence in
2  examination of the Debtor's affairs, the Trustee was not aware of the Undisclosed Assets.

3      5.    On April 9, 2014 the Court entered an order reopening the Bankruptcy Case. On June
4  2, 2015 the Court entered an order approving a compromise among the Debtor, the Debtor's wife
5  and the Trustee such that in essence the net proceeds of the Insurance Claim (the "6/2/15 Order").
6  The Estate received funds from the Insurance Claim that were distributed to creditors pursuant to a
7  final report approved by this Court. On April 19, 2016 (the "4/19/16 Order") the Bankruptcy Case
8  was again closed.

9      6.    Since the entry of the 4/19/16 Order, I have been informed by counsel for the Debtor's
10 insurance company that the Debtor has amended his Insurance Claim (the "Amended Insurance
11 Claim") to assert new Undisclosed Assets. Pursuant to the 6/2/15 Order, 50% of the Amended
12 Insurance Claim constitutes property of the Estate.

13     7.    The Court should order the reappointment of a chapter 7 trustee to recover 50% of the
14 Amended Insurance Claim for the benefit of the Debtor's creditors.

15 I declare under penalty of perjury under the laws of the United States of America that the
16 foregoing is true and correct.
17 Executed this 17th day of August, 2016, at Los Angeles, California.

                                John J. Menchaca

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017**

A true and correct copy of the foregoing document entitled (*specify*): U.S. TRUSTEE'S EX-PARTE MOTION TO REOPEN BANKRUPTCY CASE UNDER 11 U.S.C. §350(b) FOR THE PURPOSE OF APPOINTING CHAPTER 7 TRUSTEE TO ADMINISTER ASSETS; DECLARATION OF JOHN J. MENCHACA

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/23/16, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

                                                                             X    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 8/23/16, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

                                                                             X    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 8/23/16, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

                                                                             X    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/23/16 | Sonny Flores | *(signed)* Sonny Flores |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Wesley H Avery (former trustee's counsel)    wavery@thebankruptcylawcenter.com, lucy@averytrustee.com
Ray Garwacki    rgarwacki@prodigy.net, garwackilaw2@prodigy.net
Merdaud Jafarnia    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
Raffi Khatchadourian    raffi@hemar-rousso.com
W. Derek May    derek@srwadelaw.com, rudy@srwadelaw.com
John J Menchaca (former trustee)    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Stephen R Wade (Debtor's counsel)    srw@srwadelaw.com, rudy@srwadelaw.com

2. **SERVED BY U.S. MAIL:**
   **Debtor**
   Alexander Calderon
   PO Box 271
   Montclair, CA 91763

3. **SERVED BY FEDERAL EXPRESS:**

   U.S. Bankruptcy Court
   255 E. Temple Street, Room 940
   Los Angeles, CA 90012
   Attn: Mail Room Clerk - Judges Copy

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F.9013-3.1.PROOF.OF.SERVICE**